[ECF Nos. 9, 10]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TIMOTHY RYAN,

                Plaintiff,

v.                              Civil No. 22-1175 (RMB/MJS)

R. ROBINSON, et al.,

                Defendants.

**O P I N I O N  &  O R D E R**

This matter is before the Court on the December 27, 2022 motion filed by pro se plaintiff Timothy Ryan ("Plaintiff") seeking the appointment of pro bono counsel [ECF No. 10] and the December 8, 2022 motion seeking a temporary stay of the case [ECF No. 9]. The Court exercises its discretion to decide the motions without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the motion to appoint pro bono counsel is **DENIED** without prejudice and the motion to stay the case is **DENIED.**

**BACKGROUND**

Plaintiff, an inmate incarcerated in the Federal Correctional Institution, Fort Dix ("FCI Fort Dix") filed this civil suit pursuant to 42 U.S.C. § 1983, alleging that in November and December 2020, counselors at FCI Fort Dix denied his "various requests to move to an open bed in [his] cell to allow for social

1

distancing during [the] Covid outbreak," which resulted in his contracting of COVID-19 on December 22, 2020. ECF No. 1 at 3. Plaintiff also alleged that the FCI Fort Dix counselors denied his request to "conduct and send legal documents to the Court via legal mail procedures." Id.

On March 9, 2022, the Court administratively terminated the case because Plaintiff failed to submit the filing fee and a completed in forma pauperis ("IFP") application. ECF No. 2. On April 4, 2022, Plaintiff submitted a completed IFP application [ECF No. 3], which the Court granted on April 7, 2022 [ECF No. 4]. The Court also screened Plaintiff's complaint and permitted it to proceed. Id.

On April 29, 2022, Plaintiff filed a motion (1) seeking additional time to return the United States Marshal 285 ("USM-285") forms to the Court, which the Court construed as a motion for an extension of time to effect service, and (2) seeking appointment of pro bono legal counsel. ECF No. 6. On November 15, 2022, the Court granted Plaintiff's motion for an extension of time to file the USM-285 forms and ordered Plaintiff to serve the unserved defendants within ninety (90) days of the Order. ECF No. 8. This has not been completed. The Court also denied Plaintiff's motion to appoint pro bono counsel, in part, because the motion lacked sufficient information supporting his request. ECF No. 8.

On December 8, 2022, Plaintiff filed a motion requesting a temporary stay of the proceeding so that he could add more claims to the case and seeking additional copies of the USM-285 forms and the form to request pro bono counsel. ECF No. 9. These materials were forwarded to Plaintiff on December 12, 2022. Plaintiff then filed another motion to appoint pro bono counsel on December 27, 2022. ECF No. 10.

**DISCUSSION**

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e), which grants District Courts broad discretion to request counsel for indigent litigants. These appointments are "neither a constitutional nor a statutory right." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997)). The court must establish that the claim has "some merit in fact and law" before using its discretion to make an appointment. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Here, the Court has already found that Plaintiff's complaint contains sufficient merit to withstand immediate dismissal, thus satisfying the threshold burden.[1] ECF No. 4; see also Shakur v. N.J. State Prison Med. Dept., Civ. No. 19-14994, 2022 WL 970225,

---

[1] This conclusion is for the purpose of this motion only. The Court reserves the right to adjudicate the merits of Plaintiff's claims in the future.

3

at *2 (D.N.J. March 31, 2022) (understanding that the plaintiff's claims have "at least some merit" because the claims "have been allowed to proceed"); Cagno v. Ivery, Civ. No. 19-20384, 2021 WL 1788520, at *3 (D.N.J. May 5, 2021) (noting "[p]laintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law").

Having determined, for the purposes of this motion, that Plaintiff has met the requisite threshold burden, the Court shall now proceed to consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 156-58). This list of factors is non-exhaustive and "should serve as a guidepost" for the Court's analysis. Id. at 458.

The initial factor the Court considers is Plaintiff's ability to effectively present his case, which involves an evaluation of his education, literacy, work experience, and litigation

4

experience. Tabron, 6 F.3d at 156. Additionally, the Court must consider that Plaintiff is incarcerated. Id. Plaintiff argues in his pro bono application that he "lacks knowledge of civil procedures to present an effective claim." ECF No. 10 at 3. However, the mere fact "that an indigent party lacks a trial lawyer's skills does not mean that the court should grant [Plaintiff's] request for counsel." Gordon v. Gonzalez, 232 Fed. App'x. 153, 157 (3d Cir. 2007). Here, the record indicates that Plaintiff has previously submitted competent motions in addition to the ones currently being considered, including a motion for extension of time to serve Defendants [ECF No. 6]. Plaintiff has also obtained a Bachelor's degree. ECF No. 1-1 at 5. For these reasons, the first Tabron factor weighs against granting the appointment of pro bono counsel.

The Court next considers the complexity of the legal issues presented in Plaintiff's complaint. Where the legal issues are complex, the appointment of pro bono counsel better promotes the goals of justice. Tabron, 6 F.3d at 156. Here, Plaintiff asserts claims under Section 1983, specifically alleging retaliation, interference with mail, and failure to ensure safety. As this area of law is well-developed, the Court cannot find that the legal issues are so intricate as to warrant the appointment of pro bono counsel. Bragg v. Wilson, Civ. No. 16-2868, 2017 WL 6554150, at *4 (D.N.J. Dec. 21, 2017); Parham, 126 F.3d at 459 (noting that "[a]

5

lay person, like [plaintiff], should be able to comprehend what he has to prove when the legal issue is understandable"). Thus, this second Tabron factor weighs against granting Plaintiff's request for pro bono counsel.

The third factor the Court considers is whether a factual investigation will be necessary, and whether Plaintiff has the capacity to pursue one. Tabron, 6 F.3d at 156. In analyzing this factor, the Court must also consider Plaintiff's ability to comprehend the rules of discovery. Parham, 126 F.3d at 460; Tabron, 6 F.3d at 156 (noting that appointment of counsel may be appropriate for claims requiring extensive discovery and adherence to complex discovery rules). Plaintiff's motion asserts, without providing sufficient detail, that "the staff of FCI Fort Dix are stonewalling [him] on information (such as full names of Defendants for 285 forms) which will make all factual investigations nearly impossible." ECF No. 10. Courts have repeatedly recognized that a plaintiff's incarceration does not "render him unable to pursue any investigation" or "preclude him from conducting depositions." Davis v. Two Unknown Named Agents of F.B.I., Civ. No. 07–2135, 2007 WL 3349494, at *1 n. 5 (D.N.J. Nov. 7, 2007); see also Jones v. N.J. Dep't of Corr., Civ. No. 18-17296, 2022 WL 2116771, at *3 (D.N.J. June 13, 2022); Council v. Nash, Civ. No. 06-0007, 2007 WL 1651191, at *3 (D.N.J. June 1, 2007). At this early stage of the case, Plaintiff has not sufficiently demonstrated that he is unable

to pursue a factual investigation without the assistance of counsel. As a result, this third factor weighs against granting Plaintiff's motion.

The fourth factor the Court considers in deciding Plaintiff's motion is the likelihood that the case will turn on credibility determinations. Tabron, 6 F. 3d at 156.  The Court must ascertain whether Plaintiff's claim primarily relies on one party's account against another's. Parham, 126 F.3d at 460. "[W]hen considering this factor, courts should determine whether the case is solely a swearing contest." Id. Here, Plaintiff asserts that "[i]t will be easy for [defendants] to deny their abuses, resting on credibility assumptions due to [his] criminal status." ECF No. 10. The Court can only surmise whether credibility determinations will dictate the outcome of this case, in part, because the parties have not begun the discovery process. "It is unclear whether documents substantiating the parties' claims and defenses will be produced, or whether the parties will largely rely upon credibility." Camacho v. Ocean Twp. Police Dep't, Civ. No. 19-21631, 2022 WL 2439545, at *3 (D.N.J. July 5, 2022). The Court consequently concludes this factor is neutral.

The fifth factor the Court considers is the degree to which the case will require expert testimony. Tabron, 6 F. 3d at 156 (noting that appointed counsel may be warranted where the case will require testimony from expert witnesses). Here, Plaintiff

7

argues that "[t]here may be a need for expert testimony regarding conditions and legal obligations of staff." ECF No. 10. However, the Court, at this stage of the litigation, does not have sufficient information in this regard that such testimony will be necessary, particularly as discovery has not even commenced. This factor therefore weighs against granting Plaintiff's motion.

Lastly, the Court must also consider Plaintiff's financial ability to obtain counsel. See Parham, 126 F.3d at 454. Plaintiff has been permitted to proceed IFP [ECF No. 4], which demonstrates his indigence. See Clinton v. Jersey City Police Dep't, Civ. No. 7-5686, 2009 WL 2230938, at *1 (D.N.J. July 24, 2009) (noting that the mere demonstration of indigence, in the absence of other supporting factors as per the Tabron factors, is not adequate to warrant the appointment of counsel). Therefore, while this factor may weigh in favor of granting pro bono counsel, on balance, the Court finds that the circumstances underlying this case do not support the appointment of pro bono counsel for Plaintiff at this stage of the litigation.

Plaintiff also requests that this Court stay the proceedings in this case so that he may add more claims to his complaint "and to finish the constantly delayed administrative remedy processes regarding lack of medical care." ECF No. 9. A stay is an

extraordinary remedy,[2] and Plaintiff has not sufficiently demonstrated that a stay is necessary here, particularly where the defendants have not yet been served despite this case being filed over a year ago. Therefore, the Court will deny this request.

Accordingly, for all the foregoing reasons,

**IT IS** on this **21st** day of **April 2023**,

**ORDERED** that Plaintiff's motion to appoint pro bono counsel [ECF No. 10] is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's motion requesting a stay [ECF No. 9] is **DENIED**; and it is further

**ORDERED** that the court will provide Plaintiff with an additional **sixty (60) days** to serve the unserved defendants;[3] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Order via regular mail.

---

[2] District Courts have broad powers to stay proceedings. Bechtel v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether to grant a motion to stay, the Court weighs a number of factors including: (1)whether inequity will result if the stay is not granted; (2)whether the non-moving party will be harmed or prejudiced if the stay is not granted; and (3)judicial efficiency, which includes evaluating whether a stay will simplify the issues and whether the case is in the early stages of litigation. Onyx Enters. Int'l Corp. v. Volkswagen Grp. of Am., Inc., Civ. No. 20-9976, 2021 WL 1338731, at *3 (D.N.J. Apr. 9, 2021).

[3] The Court notes that USM-285 forms were already sent to Plaintiff on December 12, 2022.

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge