UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VINTAGE

TIMOTHY RYAN,

PLAINTIFF

v.

R. ROBINSON ET AL.,

DEFENDANTS

RECEIVED

JUL 10 2023

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

CIV NO. 22-1175 (RMB/MJS)

BRIEF / AMENDED COMPLAINT FOR
CIVIL ACTION AGAINST F.C.I. FORT DIX (FT. DX)
FEDERAL BUREAU OF PRISONS (FBOP) AND NAMED
EMPLOYEES FOR DAMAGES UNDER BIVENS AND
FEDERAL TORT CLAIMS ACT (FTCA) AND ITEMIZED
RESPONSE TO COURT'S ORDER:

ITEM 1 : USM-285 FORMS — MOVANT PROVIDED FIVE (5)
USM-285 FORMS FOR DEFENDANTS. MOVANT WILL RESUBMIT THESE SAME
5 PLUS 5 MORE. FOR THREE (3) OF THOSE PREVIOUSLY SUBMITTED (R.
ROBINSON, T. JONES, AND M. CASTELLANOS) MOVANT HAS ATTEMPTED TO
BE GIVEN THEIR FULL NAMES FROM VARIOUS STAFF OVER THEM — NAMELY,
ASSOCIATE WARDEN KODGER — COUNTLESS TIMES, CLEARLY EXPLAINING
THAT THE PURPOSE WAS FOR SERVING FOR CIVIL ACTION. AS THIS
COURT HAS NOTED THIS ACTION WAS BEGUN OVER ONE YEAR AGO,
AND MOVANT HAS RECIEVED NO RESPONSE TO INQUIRIES. IF THE
FIRST INITIAL IS NOT SUFFICIENT FOR THESE FORMS, THEN MOVANT
WILL REQUIRE INTERVENTION FROM THE COURT (SUBPOENA, ORDER,
APPOINTMENT OF COUNSEL, ETC.) AS MOVANT IS OTHERWISE BLOCKED
FROM COMPLETING ACTION FROM FBOP STAFF REFUSAL TO COMPLY.

(1)

ITEM 2: DELAYS AND JURISDICTION — ENCLOSE WITH THIS COMPLAINT WILL BE MOVANTS RECORDS OF "ADMINISTRATIVE REMEDY EXHAUSTION" FOR LISTED COMPLAINTS. IT SHOULD BE NOTED THAT DELAYS ARE A RESULT OF FBOP "NEEDING EXTRA TIME" TO RESPOND OR NOT RESPOND AT ALL TO REMEDY REQUESTS.

## AMENDED / CONSOLIDATED COMPLAINTS

COMPLAINT 1: DENIAL OF DUE PROCESS AND BLOCKING ACCESS TO COURTS BY REFUSING TO CONDUCT LEGAL MAIL PROCEDURES AND MAKE COPIES OF LEGAL DOCUMENTS BY ADMINISTRATIVE STAFF MEMBERS R. ROBINSON (UNIT MANAGER), T. JONES (UNIT COUNSELOR), AND M. CASTELLANOS (UNIT COUNSELOR).

DURING THE TIME PERIOD MOVANT LIVED IN HOUSING UNIT 5741 OF FT. DIX'S EAST COMPOUND, FT. DIX WAS UNDER HEAVILY MODIFIED "COVID OPERATIONS" AND THE ONLY MEANS FOR OBTAINING COPIES OF LEGAL DOCUMENTS WAS THROUGH HOUSING UNIT ADMINISTRATIVE STAFF—WHO ARE ALSO RESPONSIBLE FOR CONDUCTING "INMATE LEGAL MAIL" PROCEDURES FOR ACCURATE RECORD KEEPING. EXHIBIT A (ENCLOSED) DETAILS MOVANT'S ATTEMPTS TO FILE FOR ADMINISTRATIVE REMEDY FOR CONSTANT DENIAL OF BOTH OF THESE NECESSARY SERVICES BY ABOVE NAMED INDIVIDUALS, THE RESULTING MISSING OF A DEADLINE FOR AN ACTIVE APPEAL, RESULTING RETALIATORY PUNISHMENT FROM R. ROBINSON FOR FILING ADMINISTRATIVE REMEDIES, NECESSARY CORRESPONDANCE WITH APPELLATE COURT DUE TO THESE DENIALS, AND AFFIDAVITS DETAILING THE INTERACTIONS THAT OCCURED THROUGHOUT THIS PERIOD. MOVANT EMPHASIZES THAT THE UNIT MANAGER ENCOURAGES / CREATES THIS CULTURE OF MALFEASANCE AS HIS LEADERSHIP ENCOURAGES THIS BEHAVIOR AND DISCOURAGES

(2)

OTHER STAFF FROM PERFORMING REQUIRED TASKS THAT WOULD BE "HELPFUL TO INMATES." MOVANT ALSO ARGUES LACK OF ACTION ON THE PART OF INSTITUTION ADMINISTRATION, REGIONAL ADMINISTRATION, AND NATIONAL/CENTRAL ADMINISTRATION ENABLE AND ENCOURAGE THIS CULTURE OF MALFEASANCE.

AS TIME AND CIRCUMSTANCES HAVE SEPERATED MOVANT FROM WITNESS TO THESE EVENTS AND A PORTION OF HIS LEGAL MATERIALS, MOVANT WILL REQUIRE SOME COURT ACTION TO CALL WITNESSES ROBERT WHITESIDE, CHADWICK GHESQUIRE, EDWARD BROWN, MICHAL JORDAN, AND AKEEM GUMBS TO CORROBORATE MOVANT'S ACCOUNT OF SAID EVENTS.

COMPLAINT 2: ABOVE NAMED DEFENDANTS FOR HOUSING UNIT 5741 DURING THE SAME TIME PERIOD AS COMPLAINT 1 MALICIOUSLY REFUSED TO ALLOW MOVANT TO MOVE TO AN OPEN BUNK AND IMMEDIATELY ASSIGNED ANOTHER INMATE TO THE OPEN BUNK TO PREVENT MOVANT FROM SLEEPING THERE DURING A COVID BREAKOUT, FORCING MOVANT TO SLEEP IN AN AREA SURROUNDED BY COVID POSITIVE-VISIBLY ILL PERSONS RESULTING IN MOVANT'S SECOND CONTRACTION OF COVID-19.

MOVANT TRIED SEVERAL TIMES TO REQUEST BASIC CONSIDERATION FROM THIS STAFF TO NO AVAIL (SEE APPX A PGS. 9,10,12). MOVANT'S CONSTANT EXPOSURE TO COVID-19 HAS LEFT HIM WITH PERMANANT (OR AT LEAST UNWAVERING AFTER THREE YEARS) EFFECTS TO HIS LUNGS, BRAIN, AND NERVOUS SYSTEM (DISCUSSED FURTHER IN SEPERATE COMPLAINT). THE FBOP MISHANDLING AND DELIBERATE INDIFFERENCE ARE BEST ILLUSTRATED BY THIS LOCAL EXAMPLE.

(3)

COMPLAINT 3: LACK OF NEEDED MEDICAL TREATMENT/CONSIDERATION

COMPLAINT 3(A): LACK OF MEDICAL TREATMENT FOR SLEEP APNEA. ACCORDING TO THE MERK MANUAL OF DIAGNOSIS AND THERAPY SLEEP APNEA IS POTENTIALLY LETHAL AND INCLUDE/CAUSE SERIOUS COMPLICATIONS LIKE CARDIAL ABNORMALITIES, HYPERTENSION, EXCESSIVE DAYTIME SLEEPINESS, MORNING HEADACHE, AND SLOWED MENTATION. THE MERK MANUAL MAKES MENTION THAT THE MORTALITY RATE FROM STROKE AND MYOCARDIAL INFARCTIONS (MI) IS SIGNIFICANTLY HIGHER IN PERSONS WITH SLEEP APNEA. MOVANT HAS BEEN ATTEMPTING TO ADDRESS SLEEP APNEA AND SYMPTOMS CONSISTANT WITH SERIOUS CONDITIONS RELATED THERETO FOR YEARS. MOVANT IS ALWAYS TOLD THAT HE MUST "WAIT" FOR (FBOP POLICY REQUIRED) SLEEP STUDY THAT HAS NOT HAPPENED FOR YEARS. MEANWHILE, MOVANT ~~THAT I~~ CANNOT BENEFIT FROM RESTFUL SLEEP AND HIS HEALTH STEADILY DECLINES IN FBOP CUSTODY. APPENDIX B IS MOVANT'S ADMINISTRATIVE REMEDY HISTORY ON THIS ISSUE.

COMPLAINT 3(B): DENIAL OF DAILY NUTRITION DUE TO INABILITY TO WEAR/WALK IN HARMFUL INSTITUTION ISSUED "WORK BOOTS" AND DENIAL OF MEDICAL CONSIDERATION FOR A "SOFT SHOE PASS" TO ELIMINATE THE ISSUE. MOVANT HAS ATTEMPTED TO ADDRESS THIS ISSUE WITH MEDICAL STAFF FOR YEARS, SHOWING VARIOUS STAFF MEMBERS DAMAGE DONE TO MOVANT'S FEET WHEN WEARING BOOTS FOR EVEN BRIEF PERIODS (BLOOD BLISTERS, INDENTATIONS ON BIG TOE NAIL, INGRAWN TOENAILS THAT BECOME INFECTED, RUBBING SORES, AND SWOLLEN ANKLES). THIS ADDED TO MOVANT'S INTERMITTANT PARASTHESIA AND NUMBNESS—FROM YEARS OF COVID DAMAGE TO MOVANT'S NERVOUS SYSTEM— MAKING LIFTING HEAVY BOOTS DIFFICULT TO IMPOSSIBLE, DEPENDING ON THE SEVERITY OF THE PARASTHESIA, AND CALL FOR CONSIDERATION FOR A SOFT SHOE PASS. APPENDIX C IS MOVANT'S ADMINISTRATIVE REMEDY HISTORY ON THIS

(4)

MATTER AS WELL AS FURTHER (IGNORED) ATTEMPTS TO HAVE ASSOCIATE WARDENS INTERVENE. CENTRAL OFFICE REMEDY FORM NOT INCLUDED DUE TO ITS HAVING NOT YET BEEN RETURNED/RESPONDED TO. MOVANT SUBMITTED IT SHORTLY AFTER RECIEVING RESPONSE FROM REGIONAL OFFICE DATED RECIEVED MARCH 3, 2023. MORE THAN THE REQUISITE FORTY DAYS FOR CENTRAL OFFICE TO RESPOND HAVE PASSED MAKING THIS ISSUE RIPE FOR REVIEW.

COMPLAINT 3(C): DERILICT MEDICAL PERSONNEL RAVI SOOD. MOVANT HAS BEEN STRUGGLING TO RECIEVE MEDICAL TREATMENT FOR SEVERAL ISSUES: ABOVE MENTIONED SLEEP APNEA AND DAMAGE FROM "WORK BOOTS" USES FOR DENIAL OF NUTRITION AS WELL AS NOT YET RIPE FOR REVIEW ISSUES AS UNTREATED SIEZURE DISORDER AND PROGRESSIVE ARTHRITIS. MOVANT HAS BEEN INFORMED THAT THIS COURT HAS MUCH EXPERIENCE WITH COMPLAINTS OF NEGLIGENT AND FRAUDULENT MEDICAL STAFF, ESPECIALLY ONE, RAVI SOOD. EXHIBIT D PAGE 5 IS A COPY OF AN (IGNORED) EMAIL TO MEDICAL STAFF DIRECTOR NICOLE TURNER-FOSTER DETAILING SOME OF THE VOLATILE BEHAVIOR EXHIBITED BY RAVI SOOD AND REQUESTING A DIFFERENT P.C.P. EXHIBIT D PAGES 1-4 ARE THE COPIES THAT I HAVE AVAILABLE FOR ADMINISTRATIVE REMEDIES. MOVANT SENT A CENTRAL OFFICE REQUEST SHORTLY AFTER THE DATE OF REJECTION NOTICE, DATED APRIL 10, 2023 (D.P.1). THE REQUISITE 40 DAYS FOR A RESPONSE HAVE PASSED MAKING THIS ISSUE RIPE FOR REVIEW. EXHIBIT D P.6 IS AN EXAMPLE OF MALICIOUS BEHAVIOR FROM RAVI SOOD STATING THAT MOVANT "MAY BE ACCOMODATED ON THE SECOND FLOOR". ASIDE FROM THE KNEE INJURY THAT WAS CURRENT DURING THIS MEETING IN OCTOBER OF 2022, MOVANT'S DOCUMENTED ARTHRITIS AND SIEZURE DISORDER MAKE A FIRST FLOOR RESTRICTION A REQUIREMENT. SOOD'S CARELESSNESS AND NEGLIGENCE

AS A MEDICAL PROFESSIONAL ARE FURTHER ILLUSTRATED ON THE REVERSE SIDE OF THIS DOCUMENT (D P.7) WHERE HE PRINTED THIS DOCUMENT ON THE REVERSE SIDE OF ANOTHER INMATE'S MEDICAL RECORD.

F.C.I. FORT DIX MEDICAL STAFF HAVE BEEN SHOWN TO FALSIFY MEDICAL RECORDS, SEE THIEME, ET AL V. UNITED STATES, ET AL CIV NO. 21-CV-682 (RMB)(AMD)(3RD CIR. 2021) AND WRAGG, ET AL V. ORTIZ, ET AL 2020 US DIST LEXIS 92033 (3RD CIR 2020). MOVANT'S MEDICAL RECORDS CONTAIN MANY FALSEHOODS; MENTIONS OF TESTS OR "COUNSELING" THAT WERE NEVER CONDUCTED TO BLATENT AND BALD FACE LIES - MANY OF WHICH ARE COUNTER INDICATED WITHIN THE SAME REPORT. MANY EXAMPLES INCLUDED IN APPENDICIES TO MOVANT'S RECENT COMPASSIONATE RELEASE MOTION (CASE NO. 3:15-CR-00062) WHICH WERE MOVANT'S ONLY COPIES - THE COURT DOES NOT WISH TO SEND MOVANT COPIES OF LENGTHY APPENDICIES AND MOVANT'S REQUEST FOR FURTHER COPIES FROM MEDICAL STAFF NOT YET RESPONDED TO.

EXHIBIT D PAGES 8 THROUGH 16 ARE MOVANT'S ONLY MEETING TO DATE WITH RAVI SOOD. COMPARED TO MOVANT'S ACCOUNT OF THIS MEETING BRIEFLY DETAILED ON (D P.5) THERE IS CLEARLY AN ISSUE WITH THIS STAFF MEMBER. MOVANT STRESSES THAT THESE ISSUES ARE NOT ISOLATED TO HIM AND TRUSTS THIS COURT HAS KNOWLEDGE OF DETAILS (THAT MOVANT DOES NOT HAVE) CONCERNING RAVI SOOD IN OTHER CASES. TO FURTHER ILLUSTRATE WHERE THE PROBLEMS LIE, MOVANT POINTS OUT THAT SOODS NOTES CLAIMING MOVANT WAS "ARGUING, YELLING [MAKING THREATS]", ETC (D P.8) ARE COUNTER INDICATED IN HIS NOTES ABOUT "GENERAL AFFECT" (D P.11) THAT STATE "PLEASANT, COOPERATIVE," IT SHOULD BE FURTHER NOTED THAT ALL "EXAMS" AND "COUNSELING" OTHER THAN WEIGHING MOVANT NEVER TOOK PLACE.

COMPLAINT 3 SUBSECTION: MOVANT'S DENIAL OF MEDICAL TREATMENT/ FBOP MEDICAL STAFF NEGLECT AND DELIBERATE INDIFFERENCE IN GENERAL. MOST OF WHAT COULD BE EVIDENCED HERE WAS SUBMITTED IN MOVANT'S AFOREMENTIONED MOTION FOR COMPASSIONATE RELEASE TO THE SEVENTH CIRCUIT. SHOULD THE NEED FOR A SUBPOENA ARISE, MOVANT SUBMITTED THE FOLLOWING APPENDICIES: A) A BRIEF DETAIL OF FALSE DOCUMENTATION BY MEDICAL STAFF (INCLUDES NOTES FROM SOOD IN SUBMITTED EXHIBIT D); B) MOVANT'S PERSONAL CHECKLIST OF HEALTH CONCERNS FOLLOWED BY MEDICAL RECORDS SHOWING THAT THE ISSUES WERE NEVER TREATED AND SELDOM EVEN DOCUMENTED - IN VIOLATION OF LAW; C) LONG-TERM/PERMANENT INJURIES SUFFERED BY MOVANT FROM FAULTY EQUIPMENT AND ASSAULTS (CONDITIONS OF CONFINEMENT); D) DEMONSTRATED (ON MEDICAL RECORDS) DELIBERATE INDIFFERENCE AND FALSIFICATION OF DOCUMENTS BY P.C.P.s - THE GATEKEEPERS OF ANY AND ALL MEDICAL TREATMENT IN FBOP PRISONS; AND E) COVID-19 COMORBIDITIES AND RELATED DOCUMENTS.

EXHIBIT E IS TWO MEETINGS WITH MOVANT'S P.C.P. PRIOR TO SOOD. THESE WERE RECENTLY MAILED TO MOVANT AS EXHIBITS FROM GOVERNMENT'S RESPONSE TO MOVANT'S COMPASSIONATE RELEASE MOTION. CONVENIENTLY NOT INCLUDED IS A MEETING PRIOR TO THESE WHERE AN ADMINISTERED TEST SHOWED DIMINISHED LUNG CAPACITY THAT MOVANT SUBMITTED IN AFOREMENTIONED APPENDICIES. THE 2 SUBMISSIONS FOR EXHIBIT E MARK A CHANGE IN DEMENOR FOR CARL SCUESA TO PREVIOUS ENCOUNTERS. NOTATIONS FOR EXAMS PERFORMED AND COUNSELING GIVEN ARE FALSIFIED, MOVANT NEVER DENIED SHORTNESS OF BREATH, DIZZINESS, OR HEADACHES - THESE ARE CONSTANT ISSUES. THE ENCOUNTER DATED 11/01/2021 HEAVILY NOTES DENIAL(S) FOR "SOFT SHOE PASS" AND SPECULATES MOVANT "WALKING TO AND FROM THIS OFFICE WITH NO DIFFICULTY" AND "AMBULATES WITHOUT DIFFICULTY." FIRST, THERE WAS NO ASSESSMENT OR EVEN

(7)

FOLLOW UP QUESTIONS TO MOVANT'S ATTEMPTS TO ADDRESS DAMAGE FROM AND DIFFICULTY WITH WALKING IN ISSUED WORK BOOTS. SCEUSA ONLY YELLED AT MOVANT TO THE EFFECT OF "IF YOU CAN'T WALK IN BOOTS THEN MAYBE I SHOULD SHIP YOU TO ANOTHER COMPOUND" TO WHICH MOVANT EXPRESSED POLITELY THAT THIS WOULD BE A DESIRABLE OUTCOME. THIS WAS AFTER SELF SCEUSA GOOGLING COVID-19 AFTER MOVANT BROUGHT UP CONCERNS OF LINGERING DAMAGE AND POST COVID EFFECTS, RESPONDING TO THE EFFECT THAT "NOT ENOUGH IS KNOWN / THE DATA JUST ISN'T THERE" AND DISMISSING MOVANT'S SERIOUS CONCERNS ABOUT A NOTABLE DECLINE IN HEALTH AND PHYSICAL AND MENTAL FUNCTION. FURTHERMORE, BEING ABLE TO WALK IN SOFT SHOES IS IN NO WAY RELATED OR SOMEHOW MUTUALLY INCLUSIVE OF BEING ABLE TO WALK IN ILL-MADE "WORK BOOTS." CONVERESLY, BEING ABLE TO WALK IN SOFT SHOES SHOWS A VERY SIMPLE AND EASY SOLUTION TO THE INABILITY TO WEAR/WALK IN "WORK BOOTS" THAT IS STUBBORNLY REFUSED BY THESE STAFF MEMBERS FOR REASONS THAT ARE OTHER THAN THE HEALTH AND SAFETY OF MOVANT.

E P. 7 FURTHER ILLUSTRATES BIAS AND SPECULATION WHERE SCEUSA NOTES "I DOUBT HIS SYMPTOMS IF TRULY ORGANIC ARE COVID RELATED" A LARGE SCALE STUDY PUBLISHED IN "LANCET PSYCHIATRY" THAT STUDIED OVER 1.2 MILLION PEOPLE OVER A 2 YEAR PERIOD FOR 14 NEUROPSYCHIATRIC SEQUELAE. THE RESULTS OR THIS STUDY SHOW THOSE AFFECTED BY COVID-19 THAT HAVE SYMPTOMS CONSISTANT WITH MOVANT'S COMPLAINTS OF BRAIN FOG, INCREASED SEIZURE ACTIVITY, NUMBNESS IN EXTREMETIES (GULLAIN BARRE' SYNDROME) AND VARIOES NEUROLOGICAL DISORDERS. FURTHER STUDIES PUBLISHED "SCIENCE" IN JANUARY 2022 AND "NATURE" IN SEPTEMBER 2022 CONCLUDED THAT THE SARS-COV-2 VIRUS (COVID) CAN CAUSE NERVE CELL DAMAGE THROUGH AT LEAST 7 MECHANISMS.

E P.9 STARTS THE NOTES FOR MOVANT'S LAST ~~MEE~~ MEETING WITH SCEUSA BEFORE A GROUP ASSAULT RESULTED IN HIS BEING MOVED TO FCI FORT DIX WEST COMPOUND. HERE SCEUSA EXHIBITS FURTHER BIAS BY NOTING MOVANT'S APPEARANCE (LONG HAIR AND BEARD) AND SPECULATING ON "PSYCHIATRIC COMPONENT" TO "SOMATIC" COMPLAINTS OR ABOUT MOVANT HAVING "SOME SECONDARY GAIN." THE MERCK MANUAL OF DIAGNOSIS AND THERAPY DEFINE SOMATIZATION AS A DISORDER THAT IS CHRONIC AND SEVERE CHARACTERIZED, PSYCHIATRICALLY, BY MANY RECURRING CLINICALLY SIGNIFICANT COMPLAINTS THAT CANNOT BE EXPLAINED BY A PHYSICAL DISORDER (SARS COV-2 DAMAGING NERVES EXPLAINS MOST OF MY COMPLAINTS, TOXIC CONDITIONS AT FCI FORT DIX EXPLAIN THE REST) ALSO, PATIENTS ARE TYPICALLY DRAMATIC AND EMOTIONAL WHEN RECOUNTING SYMPTOMS AND BECOME EXTREMELY DEPENDANT, DEMAND HELP, BECOME EXHIBITIONIST AND/OR SEDUCTIVE, THREATEN SUICIDE AND THE PERSISTANCE OF SYMPTOMS REFLECT A STRONG DESIRE TO BE CARED FOR IN EVERY ASPECT OF LIFE. NONE OF THIS APPLIES TO MOVANT. MOVANT ALWAYS CALMLY RECOUNTS ISSUES WITH WHAT PASSES FOR A "DOCTOR" IN THIS SETTING, AND AS FOR "SECONDARY GAIN" MOVANT ONLY WANTS TO GET TO THE CAUSE OF DEBILITATING SYMPTOMOLOGY SO THAT IT CAN BE FIXED. MOVANT JUST WANTED TO BE HEALTHY AGAIN. THE OPPOSITION TO BASIC HEALTH CARE NEEDS BY ~~THESE~~ HEALTHCARE "PROFESSIONALS" HAS CAUSED FURTHERING ILLNESS DUE TO LACK OF TREATMENT AND IMMEASURABLE STRESS, PAIN, AND SUFFERING. NOW MOVANT SEEKS, ALONG WITH MEDICAL TREATMENT, PUNITIVE AND COMPENSENTORY JUSTICE FROM THIS COURT

COMPLAINT 4: PERMANENT INJURY TO MOVANT'S DOMINANT HAND DUE TO FAULTY EQUIPMENT. ENCLOSED EXHIBIT F CONSISTS OF MEDICAL RECORDS FOR A 15 GALLON JUG THAT DID NOT HAVE A ~~##~~ HANDLE FALLING ONTO HIS HAND WHILE HE ASSISTED AN ELDERLY INMATE (DENNIS AMMONS - SUBPOENA WILL BE REQUIRED

FOR WITNESS STATEMENT) CARRY IT UP THE HOUSING UNIT STAIRS. THIS RESULTED IN A "MALLET INJURY" IN MOVANT'S RIGHT PINKY AS THE TENDON SNAPPED. THIS BECAME A "SWAN NECK DEFORMITY". THE MERCK MANUAL STATES THAT "A SWAN NECK DEFORMITY IS CAUSED BY AN UNTREATED MALLET INJURY. TRUE TO THIER DELIBERATELY INDIFFERENT NATURE, MEDICAL STAFF DID NOT TREAT MOVANT FOR THIS INJURY. MOVANT WAS NOT X-RAYED AND GIVEN A SPLINT FOR 2 DAYS AND NOT SEEN BY A VIDEO AN ORTHOPEDIC SURGEON FOR MONTHS, WHICH WAS A FARCICAL VIDEO-VISIT. NO TREATMENT HAS EVER BEEN GIVEN OTHER THAN INEFFECTIVE NSAID PAIN RELIEVERS AND MOVANT IS LEFT WITH DISABLED RIGHT HAND. RESIDUAL ACHES AND LIMITED RANGE OF MOTION GREATLY HAMPER EVERY TASK, INCLUDING PREPARATION OF THIS BRIEF. COPIES OF THIS ISSUE'S ADMINISTRATIVE REMEDIES NOT AVAILABLE TO MOVANT. THESE DOCUMENTS HAVE CONVENIENTLY CAME UP MISSING WITH MUCH OF MOVANT'S PROPERTY AFTER MOVING FROM FCI FORT DIX EAST COMPOUND TO WEST COMPOUND, HOWEVER MOVANT KNOWS THAT THIS ISSUE'S TORT CLAIM HAS BEEN "PENDING INVESTIGATION" FOR LONGER THAN THE SIX MONTHS REQUIRED FOR THIS COURT TO HAVE JURISDICTION. ALSO, IT SHOULD BE NOTED THAT NOTES FROM ORTHOPEDIC SURGEON STATING THAT MOVANT CAN MAKE A FIST ARE FALSE. MOVANT'S PINKY CANNOT AND LIKELY NEVER WILL CLOSE INTO A FIST AGAIN.

SUPPLIMENTARY COMPLAINT: CONDITIONS AT FCI FORT DIX. FOR WHAT EVER WEIGHT CAN BE ADDED FROM THE SQUALID CONDITIONS OF THIS FACILITY, I WILL SEEK TO ADD THEM HERE. THE BUILDINGS ARE CONDEMNABLE STRUCTURES THAT HARBOR ILLNESS AND ARE NOT KEPT UP. MOVANT HAS NEVER SEEN A WATER FILTER BE REPLACED OR AIR DUCTS CLEANED. THE RESTROOM ON MOVANT'S FLOOR HAS SEVERAL LEAKS FROM TOILET PIPES FROM THE FLOOR ABOVE.

(10)

THERE ARE SOME UNKNOWN SUBSTANCES CAUSING LEAKING PIPES ON THE CEILING TO DEVELOPE WHITE, PLISTIC LOOKING STALALTITES AND BENEATH THEM THE FLOORS HAVE SOME STONE LOOKING STALAGMITES, THE WATER IS KNOWN TO CONTAIN CANCER CAUSING, TOXIC PFOS AND PFAS CHEMICALS THAT, TO THE BEST OF MOVANT'S KNOWLEDGE, HAS NOT BEEN RESOLVED. SEE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION V. UNITED STATES OF AMERICA (SOUTH CAROLINA, 2021). THE CONDITIONS ARE SO FILTHY AND OVERCROWDED THAT RARE DISEASES - NOT JUST COVID - THRIVE HERE. MOVANT HAS SEEN LEGIONNAIRE'S DISEASE, CHICKEN POX, SCABIES, AND EVEN MENINGITIS IN UNDER 3 YEARS OF BEING ~~HE~~ AT FCI FORT DIX. NO STAFF MEMBER WILL TOUCH THE WATER, SHOWING IT IS STILL TOXIC, AND SOME WILL ADVISE INMATES TO NOT DRINK IT. HOWEVER WELL INTENTIONED THIS MAY BE, IT IS CRUEL BECAUSE THERE IS NO ALTERNATIVE. ONE CAN BUY UP TO 24 BOTTLES OF DRINKING WATER EVERY 2 WEEKS (NOT ENOUGH) PENDING AVAILABILITY. BUT MANY, INCLUDING MOVANT, CANNOT AFFORD THIS. EVEN THOSE THAT CAN ARE CONSTANTLY EXPOSED TO THE WATER WHEN SHOWERING, WASHING CLOTHES, ETC. MOVANT CONTESTS THAT FORT DIX IS A DEATH TRAP CAUSED BY A CULTURE OF DELIBERATE INDIFFERENCE BY F.B.O.P. STAFF ALL THE WAY UP THE "CHAIN OF COMMAND" AND ~~ASSE~~ BESEECHES THIS COURTS INTERVENTION.

## CONCLUSION

FOR THE FOREGOING REASONS SEEKS PUNITIVE AND COMPENSATORY DAMAGES UNDER BIVENS V. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS, 403 U.S. 388 (1971) AND CARLSON V. GREEN, 446 U.S. 14 (1980) (APPLYING BIVENS TO PRISON OFFICIALS

(11)

AND THE FEDERAL TORT CLAIMS ACT (F.T.C.A) UNDER TITLE 28 USC, 3267] FOR EACH ITEM TO WHICH EITHER AND/OR BOTH MIGHT APPLY. (SEE ~~APPENDIX G~~ EXHIBIT G FOR PREVIOUSLY SUBMITTED REGIONAL TORT CLAIMS FOR FTCA JURISDICTION).

FOR THE DENIAL OF LEGAL MAIL SERVICES, HINDERING MOVANT'S LEGAL CORRESPONDANCE WITH THE COURT EARNING SOME UNKNOWN DISFAVOR WITH SAID COURT, DENYING MOVANT'S DUE PROCESS, AND ~~A~~ PUNISHING MOVANT FOR ATTEMPTING ADMINISTRATIVE REMEDY BY DEFENDANTS ROBINSON, JONES, AND CASTELLANOS MOVANT SEEKS $50,000 IN DAMAGES FROM EACH DEFENDANT.

FOR THE CREATING A CULTURE OF ABUSE AND DENIAL OF CONSTITUTIONAL RIGHTS OF INMATES; ACTIVELY BY UNIT MANAGER ROBINSON AND PASSIVIVELY BY FCI FORT DIX WARDEN, REGIONAL DIRECTOR, AND CENTRAL DIRECTOR BY NOT INTERVENING WHEN NOTIFIED VIA ADMINISTRATIVE REMEDY; MOVANT SEEKS DAMAGES OF $50,000 ~~PER~~ FROM EACH DEFENDANT. THAT IS $100,000 FROM ROBINSON, AND $50,000 EACH FROM JONES, CASTELLANOS, FCI FORT DIX, REGIONAL DIRECTOR, AND CENTRAL DIRECTOR. MOVANT ALSO SEEKS THE IMMEDIATE TERMINATION OF JONES, CASTELLANOS, AND ROBINSON AND FORFEITURE OF PENSIONS AND ANY ILL-GOTTEN GAINS FROM TAX PAYER DOLLARS FROM EMPLOYMENT BY F.B.O.P.

FOR THE ACTIVE DELIBERATE INDIFFERENCE TO MOVANT'S HEALTH AND PREVENTING SOCIAL DISTANCING ~~BY NOT ALLOWING~~ BY NOT ALLOWING MOVANT TO MOVE TO AN EMPTY BED IN HIS THEN CURRENT LIVING QUARTERS, FORCING HIM TO REMAIN IN A CROWDED CORNER WITH SICK PERSONS IN EVERY BED, DIRECTLY RESULTING IN MOVANT'S SECOND CONTRACTING OF SARS COV-2 WHICH HAS LEAD TO SEEMINGLY PERMANENT COUGHING AND NEUROLOGICAL DAMAGE BY JONES IN HIS OFFICIAL CAPACITY MOVANT SEEKS

DAMAGES IN THE SUM OF $1,000,000 FROM JONES AND HIS IMMEDIATE TERMINATION FROM EMPLOYMENT AND FORFEITURE OF PENSION AND ANY HOLDINGS FROM ILL-GOTTEN TAX-PAYER DOLLARS. FOR THE PASSIVE DELIBERATE INDIFFERENCE OF THE SAME ISSUE AN BY CREATING A CULTURE THEREOF BY ENCOURAGING SUCH BEHAVIOR BY UNIT MANAGER ROBINSON MOVANT SEEKS DAMAGES OF $1,000,000 AND IMMEDIATE TERMINATION OF EMPLOYMENT AND FORFEITURE OF PENSION AND ANY HOLDINGS FROM ILL-GOTTEN TAX-PAYER DOLLARS. FOR THE PASSIVE ALLOWING OF THIS CULTURE BY FCI FORT DIX, REGIONAL DIRECTOR, AND CENTRAL DIRECTOR FOR FAILING TO INTERVENE WHEN REQUESTED BY ADMINISTRATIVE REMEDIES MOVANT SEEKS DAMAGES OF $1,000,000 FROM EACH.

FOR THE DELIBERATE INDIFFERENCE TO MEDICAL NEEDS BY MEDICAL STAFF MEMBERS CARL SCEUSA, RAVI SOOD, AND NICOLLETTA TURNER FOSTER AS WELL AS FCI FORT DIX, REGIONAL OFFICE DIRECTOR, AND CENTRAL OFFICE DIRECTOR FOR THEIR FAILURES TO INTERVENE WHEN REQUESTED VIA ADMINISTRATIVE REMEDIES MOVANT SEEKS THE FOLLOWING: A TOTAL OF $10,000 PER DAY OF DENIAL OF NEEDED SLEEP APNEA TREATMENT, DIVIDED EQUALLY BETWEEN MOVANTS FOR DEFENDANTS NAMED IN THIS SECTION, FROM THE DATE MOVANT FIRST ADDRESSED IT WITH F.B.O.P. MEDICAL STAFF ON OR ABOUT MAY 1, 2017. THIS TOTALS AN ESTIMATED $22,450,000 AS OF THE TIME OF WRITING; A TOTAL OF $1,000 PER DAY OF DENIAL OF NUTRITION BY BEING REFUSED A LUNCH MEAL FOR BEING UNABLE TO WEAR UNNECESSARY, HARMFUL WORK BOOTS AS PART OF A UNIFORM REQUIREMENT AND REFUSAL BY PRIMARY CARE PHYSICIANS SCEUSA AND SOOD TO ISSUE A SOFT SHOE PASS TO ELIMINATE THE PROBLEM AND THE ENCOURAGING OF THIS CULTURE BY HEAD OF MEDICAL DEPARTMENT NICOLETTA TURNER-FOSTER, FCI FORT DIX, REGIONAL OFFICE AND CENTRAL OFFICE FOR FAILURES TO INTERVENE WHEN REQUESTED BY ADMINISTRATIVE REMEDY REQUESTS. FOR DENIALS ON NON FEDERAL HOLIDAY WEEKDAYS

(13)

BEGINNING ON OR ABOUT JANUARY 10, 2021 MOVANT'S SOUGHT DAMAGES TOTAL 693,000 AS OF THE TIME OF WRITING TO BE SPLIT EQUALLY AMONG DEFENDANTS NAMED IN THIS SECTION. MOVANT ALSO SEEKS THE IMMEDIATE TERMINATION OF EMPLOYMENT OF RAVI SOOD AND CARL SCEUSA, FORFEITURE OF PENSIONS AND ANY ILL-GOTTEN HOLDINGS FROM TAX-PAYER DOLLARS, AND AND ORDER FORBIDDING THEM TO WORK IN ANY MEDICAL FIELD OR WITH ANY AT-RISK POPULATIONS.

FOR THE OVER THE TOP ABUSIVE BEHAVIOR AND DELIBERATE INDIFFERENCE OF RAVI SOOD AS A PRIMARY CARE PHYSICIAN MOVANT SEEKS AN ADDITIONAL $10,000 IN DAMAGES AND IMMEDIATE TERMINATION OF HIS EMPLOYMENT AND FORFEITURE OF PENSION AND HOLDINGS FROM ILL-GOTTEN TAX PAYER DOLLARS. FOR ENCOURAGING THIS BEHAVIOR THROUGH INDIFFERENCE AND FAILURE TO INTERVENE BY TURNER-FOSTER, FCI FORT DIX, REGIONAL OFFICE, AND CENTRAL OFFICE MOVANT SEEKS AN ADDITIONAL $10,000 FROM EACH.

FOR THE PERMANENT INJURY/SWAN NECK DEFORMITY ON MOVANT'S DOMINANT HAND THAT HAS SEVERELY LIMITED MOVANT'S ABILITY TO WRITE, TYPE, GRIP ITEMS, ETC. AND FOR F.C.I. FORT DIX'S FAILURE TO CHANGE THE MEANS OF CARRYING CHEMICALS FROM 15 GALLON JUGS MOVANT SEEKS DAMAGES IN THE SUM OF $2,333,000 FROM F.C.I FORT DIX. MOVANT'S ADMINISTRATIVE REMEDIES COPIES FOR THIS ISSUE WERE LOST BY STAFF MEMBERS DURING MOVANT'S TRANSFER FROM EAST TO WEST COMPOUND. MOVANT'S REGIONAL TORT CLAIM HAS BEEN "PENDING" INVESTIGATION FOR WELL OVER SIX MONTHS.

MOVANT SEEKS A COMBINED TOTAL OF 30,876,000 (AND COUNTING) IN DAMAGES AS WELL AS TERMINATION OF EMPLOYMENT FROM PARTICULARLY BAD ACTORS IN THIS

(14)

CASE. MOVANT ALSO SEEKS IMMEDIATE RELEASE FROM F.B.O.P. CUSTODY SO THAT HE CAN BE REMOVED FROM THESE UNSAFE, HEALTH RUINING CONDITIONS, SEEK NEEDED MEDICAL CARE FROM COMPETENT MEDICAL PROFESSIONALS, AND HOPEFULLY RECOVER FROM YEARS OF EXPOSURE TO CANCER CAUSING CONDITIONS. BEING IN F.B.O.P. CUSTODY WILL BE EVEN MORE UNSAFE AFTER THE SERVING OF USM-285 FORMS AS STAFF HAVE SHOWN THEY ENJOY RETALIATORY PUNISHMENT AND BEING CREATIVE WITH DOCUMENTATION. MOVANT TRUSTS THIS COURT'S JUDGEMENT ON WHAT WOULD BE FAIR IN AMOUNTS FOR DAMAGES FOR COMPENSATION TO MOVANT AND WHAT WOULD PROMOTE RESPECT FOR LIFE AND DETERRING THE DENIAL OF INMATE CONSTITUTIONAL RIGHTS. THE "BUDGET" IS THE ONLY CONCERN OF THOSE NAMED IN THIS SUIT, SO THE MESSAGE MUST BE MADE CLEAR THAT THIS MUST BE DONE DIFFERENTLY.

RESPECTFULLY SUBMITTED,

TIMOTHY RYAN #14422027

FCI FORT DIX

PO BOX 2000

JOINT BASE MDL, NJ 08640

RECEIVED

JUL 1 0 2023

AT 8:30 _____ M

CLERK, U.S. DISTRICT COURT - DNJ

(15)