[Docket Nos. 33, 39 and 42]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| TIMOTHY RYAN, | : Civil Action No. 22-1175 (RMB-MJS) |
| Plaintiff | : **OPINION** |
| v. | : |
| R. ROBINSON, et al., | : |
| Defendants | : |

BUMB, United States District Judge

    Plaintiff is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Plaintiff initiated this action by filing a *pro se* complaint on March 3, 2022. Compl., Dkt. 1. On May 15, 2023, Plaintiff moved to add new claims for personal injury and denial of medical care, and his motion was granted by the Honorable Matthew J. Skahill, United States Magistrate Judge. Mot. to Add, Dkt. 12; Order, Dkt. 13. Plaintiff filed his amended complaint on July 10, 2023. Am. Compl., Dkt. 14. In his amended complaint, Plaintiff asserts constitutional claims against Federal Bureau of Prisons ("BOP") employees and officials for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971).

1

Defendants M. Castellanos, T. Jones, Stevie M. Knight, J. Petrucci, R. Robinson, Carl Sceusa, Ravi Sood, and Nicoletta Turner-Foster (collectively, "BOP Defendants"), filed a motion dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) Dkt. 33 and a brief in support of the motion ("Defs' Brief), Dkt. 33-1.  Plaintiff filed a brief in opposition to Defendant's motion to dismiss, ("Pl's Opp. Br.") Dkt. 34, and BOP Defendants filed a reply brief ("Defs' Reply Br.") Dkt. 38.[1]

Plaintiff subsequently filed the following self-styled motions which appear to be in further opposition:

- Emergency Motion Requesting Injunctive Release from F.B.O.P. Custody; and Renewed Request for Recruitment of Counsel; and to Add RLUIPA 2000 Elements to Denial of Nutrition Claim, or Alternatively Add it Separately; and to Add 3 Named Defendants to this Suit in Regard to Denial of Nutrition;[2]

- Motion for Declaratory Judgement [sic] and Decree and Relief;[3]

- Second Emergency Motion for Declaratory and Injunctive Relief.[4]

For the reasons that follow, the Court will dismiss the *Bivens* claims in the amended complaint with prejudice, deny without prejudice Defendants' motion to dismiss for failure to exhaust administrative remedies; and grant Plaintiff leave to file a second amended complaint.  Furthermore, the Court will deny without prejudice

---

[1] Plaintiff filed a Sur-reply, Dkt. 40.  Under Local Civil Rule 7.1(d)(6) "No sur-replies are permitted without permission of the Judge to whom the case is assigned."  The Court will not address Plaintiff's Sur-reply.
[2] "Pl's First Mot. for Relief" Dkt. 39.
[3] "Pl's Second Mot. for Relief" Dkt. 41.
[4] "Pl's Third Mot. for Relief" Dkt. 42.

Plaintiff's motions for appointment of pro bono counsel for his new claims, and dismiss as moot Plaintiff's first, second, and third motions for relief.

## I. DISCUSSION

The amended complaint is difficult to follow and has many references to attached exhibits.  Am. Compl., ECF 14.  A complaint does not state a claim when it relies on exhibits attached to the complaint to explain the basis for the plaintiff's claims. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.")  All that is needed in a complaint is the basis for the Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief; and a claim for the relief requested.  Fed. R. Civ. P. 8(a).  The claim must present more than a sheer possibility a defendant is liable, and the claim must be based on facts, not legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court will address the claims Defendants have construed from the amended complaint.

### A.  Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a party to seek early dismissal of a pleading if it fails to state a claim upon which relief may be granted. In

determining such motions, courts must accept factual allegations of the complaint as true and draw reasonable inferences in the plaintiff's favor. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 at 555 & n. 3.

## B. The Parties' Arguments

Defendants contend the following *Bivens* claims should be dismissed with prejudice because the claims present a new *Bivens* context and special factors counsel hesitation in implying a damages remedy for such claims:

- First Amendment denial of access to the courts and retaliation claims against Defendants Jones, Castellanos and Robinson for improper mail procedures and refusal to make copies, and against the warden, BOP regional director and BOP central director for enabling a "culture of malfeasance" to occur through their "lack of action." Defs' Brief, Dkt. 33-1 at 10.

- Eighth Amendment violations regarding conditions-of-confinement claims against Jones, Robinson, and Castellanos for exposure to COVID-19, using an unsafe jug without a handle, providing unsafe drinking water, denial of a soft shoe pass which caused denial of nutrition by preventing Plaintiff from walking to the dining hall because his work boots cause injury to his feet; and claims against the BOP regional director and central director for "failing to intervene" *Id.* at 11-14.

- Eighth Amendment violations for deliberate indifference to Plaintiff's serious medical needs against Dr. Sood, Dr. Sceusa, and Dr. Turner-Foster, including failure to treat an injury to his finger; failing to order a sleep study for sleep apnea and additional negligent medical care and falsification of medical records. *Id.*

- Eighth Amendment violations against the regional director and central director for failing to intervene with Plaintiff's medical complaints. *Id.*

4

In addition, Plaintiff alleges "for whatever weight can be added from the squalid conditions of this facility, I will seek to add them here." Am. Compl., Dkt. 14 at 10. The alleged conditions include the following: condemned buildings harbor illness, water filters and air ducts are never cleaned, leaking toilet pipes, unknown leaking substances cause stalactites and stalagmites to grow on the ceiling and floors, drinking water contains cancer-causing chemicals, and overcrowding causes contagious diseases to spread. *Id.*

Defendants note Plaintiff has not identified the warden, regional director or central director by name, nor has Plaintiff properly served them with summons and the operative complaint, as required by Federal Rule of Civil Procedure 4. *Id.* at 11 & n. 4. Nonetheless, the Court will dismiss the *Bivens* claims against the unnamed and unserved defendants, pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B) to *sua sponte* dismiss a plaintiff's claim "at any time," if the plaintiff is proceeding *in forma pauperis* and fails to state a claim upon which relief may be granted.

Plaintiff explains that he intended to sue BOP Defendants under *Bivens* and the Federal Tort Claims Act ("FTCA")[5], in their individual and official capacities, for injunctive relief and compensatory damages. Pl's Opp. Br., Dkt. 34 at 6. If the Court finds a *Bivens* claim is not cognizable, Plaintiff states that he seeks whatever

---

[5] 28 U.S.C. § 1346, §§ 2671 *et seq.*

avenue is available to him. *Id.* Plaintiff asserts that he will seek to remedy any failure to properly serve the defendants. *Id.* Plaintiff will also amend his complaint at the direction of this Court. *Id.* In addition, Plaintiff alleges he exhausted every level of the BOP Administrative Remedy Program ("ARP"). Id. at 8. If the BOP is missing any records, it is through their failure to follow their own procedures. *Id.*

In reply, BOP Defendants assert the Court should ignore the exhibits attached to Plaintiff's opposition brief because the Court may not consider evidence outside the pleadings on a Rule 12(b)(6) motion to dismiss. Defs' Reply Br., Dkt. 38 at 2. BOP Defendants also contend that Plaintiff may not amend or reframe his claims through his opposition brief. *Id.* Concerning exhaustion of administrative remedies, BOP Defendants argue some of Plaintiff's grievances were rejected and he failed to cure the deficiencies, and his other grievances were denied, and he failed to appeal. *Id.* at 3.

### C. Analysis

#### 1. *Bivens claims*

Plaintiff is a federal prisoner who seeks damages from federal officials and employees for alleged constitutional violations. Despite passing legislation in 1871 to create a damages remedy for constitutional violations by state officials, in the one hundred years leading up to *Bivens*, Congress never "provided a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). When confronted

with this issue, the Supreme Court in *Bivens* "held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 596 U.S. 482, 490 (2022) (quoting *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1981)). Within ten years of the *Bivens* decision, the Court created "implied causes of action in two cases involving other constitutional violations." *Abbasi*, 582 U.S. at 131. In *Davis v. Passman*, the Court created an implied cause of action for gender discrimination under the Fifth Amendment when "an administrative assistant sued a Congressman for firing her because she was a woman." *Id.* (citing *Davis*, 442 U.S. 228 (1979)). In 1980, the Supreme Court implied a new damages remedy under the Eighth Amendment when a prisoner's estate sued federal prison employees for failing to treat the prisoner's asthma, resulting in the prisoner's death. *Id.* (citing *Carlson v. Green*, 446 U.S. 14 (1980)). This was the last occasion the Supreme Court implied a damages remedy for an alleged constitutional violation by a federal actor. *Id.*

In 2022, the Supreme Court emphasized that judicially created damages remedies are now disfavored, but it stopped short of overturning *Bivens*. *Egbert*, 596 U.S. at 491. Significantly, the Court stated that if it was called upon to decide *Bivens* today, it would "decline to discover any implied causes of action in the Constitution." *Id.* at 502. This change of view is based on respect for separation of powers between the branches of the Federal Government. *See Kalu v. Spaulding*, 113

F.4th 311, 347 (3d Cir. 2024) ("[i]t is the province of the legislature, not the judiciary, to weigh the costs and burdens associated with creating new causes of action for damages under constitutional provisions.")

The Court, nonetheless, maintained the two-part test for determining whether to imply a damages claim against a federal actor in his individual capacity. *Id.* at 492.  The first step requires courts to determine "whether the case presents 'a new *Bivens* context"—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action. *Id.* (quoting *Abbasi*, 582 U. S. at 139-40).  The Court provided a non-exhaustive list of factors that may present a new *Bivens* context, including:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 582 U.S. at 139–40.  "*Egbert* instructs us that almost parallel circumstances are not sufficient to establish a claim does not present a new *Bivens* context from one of the Supreme Court's three prior implied cause of action cases." *Kalu*, 113 F.4th at 327 (cleaned up).

If a case presents a new *Bivens* context, under the second step of the implied cause of action inquiry "a *Bivens* remedy is unavailable if there are

'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (cleaned up). The two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* "[A] court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert*, 596 U.S. at 493 (cleaned up). It does not matter if a plaintiff may not get complete relief from existing remedies. *Id.* "[T]he court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy." *Id.* (cleaned up).

These principles preclude recognition of a *Bivens* damages remedy for Plaintiff's constitutional claims. Plaintiff's First Amendment claims present a new *Bivens* context because *Bivens*, *Carlson* and *Passman* did not imply a damages remedy under the First Amendment. *See*, *Egbert*, 596 U.S. at 498 (quoting *Hartman v. Moore*, 547 U.S. 250, 252 (2006) ("[w]e have never held that *Bivens* extends to First Amendment claims[.]")) Plaintiff's Eighth Amendment conditions of confinement and inadequate medical care claims are meaningfully different from the Eighth Amendment inadequate medical care claim recognized in *Carlson*. The Third Circuit explained:

> In *Carlson*, the plaintiff—the administratrix of the estate of her deceased son—did not have an alternative remedy

9

> against the officials alleged to have acted unconstitutionally. *Carlson*, 446 U.S. at 20, 100 S.Ct. 1468. . . . *Carlson* was a case of "damages or nothing." *Bivens*, 403 U.S. at 410, 91 S.Ct. 1999 (Harlan, J., concurring in judgment). Since *Carlson* was decided prior to the passage of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §§ 1997e *et seq.*, federal prisoners seeking money damages for constitutional claims had no obligation to exhaust administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). And, at the time, the BOP's remedy program was not in existence. Thus, in *Carlson*, there was "no explicit congressional declaration that persons injured by federal officers' violations of the Eighth Amendment [could] not recover money damages from the agents but [had to] be remitted to another remedy, equally effective in the view of Congress." *Carlson*, 446 U.S. at 19, 100 S.Ct. 1468. That situation bears little resemblance to Kalu's case where Congress, through the PLRA, has enacted legislation to address prisoners' lawsuits, and where the BOP's ARP provides inmates with an alternative avenue for relief. Because the PLRA and the BOP's remedy program are "features that were not considered" by the Supreme Court when it decided *Carlson*, they present an additional reason to conclude that Kalu's claim arises in a new context. *Abbasi*, 582 U.S. at 148, 137 S.Ct. 1843.

*Kalu*, 113 F.4th at 327–29. "The presence of an alternative remedial structure through the BOP's program" is a special factor "sufficient by itself to preclude an extension of *Bivens*." *Id.* at 333. The PLRA "failed to 'provide for a standalone damages remedy against federal jailers,' which suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* (quoting *Abbasi*, 582 U.S. at 149). For these reasons, Plaintiff's *Bivens* claims for damages will be dismissed with prejudice.

10

### 2. *Equitable Relief for Alleged Constitutional Violations*

Defendants seek dismissal of Plaintiff's claims for equitable relief under federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff has failed to sue the individual defendants in their official capacities. The Court, however, is required to liberally construe *pro se* pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff clearly sought equitable relief for his constitutional claims in the amended complaint. Am. Compl., Dkt. 14 at 1, 11-12. Thus, the Court will construe the Eighth Amendment claims for equitable relief against BOP Defendants in their official capacities. The Court turns to BOP Defendants' motion to dismiss these claims for failure to exhaust administrative remedies.

### 3. *Exhaustion of Administrative Remedies*

Pursuant to 42 U.S.C. § 1997e(a), a prisoner is required to exhaust available administrative remedies before bringing suit. ARP is governed by 28 C.F.R. §§ 542.10-542.19. ARP consists of three levels of review. *Id.* An inmate must first present his complaint to the warden on the proper BP-9 form within 20 days of the event giving rise to the grievance. 28 C.F.R. § 542.14. Within calendar days of the response, the inmate may appeal on form (BP-10) to the regional director. 28 C.F.R. § 542.15(a). At the final step of the program, within 30 days of the regional director's response, an inmate may appeal on form (BP-11) to the general counsel in BOP's central office. *Id.* (alteration added). Exhaustion is complete at the central office

11

level when the appeal is denied or the time to respond to the appeal expires. 28 C.F.R. § 542.18.

In opposition to Defendants' motion to dismiss for failure to exhaust administrative remedies, Plaintiff asserts that staff failed to adhere to their own policy at every level of the ARP. Pl's Opp. Brief, Dkt. 34 at 7. Plaintiff contends that he filed all required forms in a timely manner, and he did not receive a response to some of the forms, entitling him to consider the lack of a response a denial. *Id.* at 7 (citing 28 C.F.R. § 542.18.) To the extent BOP claims it never received administrative remedy forms from Plaintiff, Plaintiff claims this is due to BOP's failure to record receipt of the forms in compliance with legal mail procedures. *Id.* at 7-8.

Factual disputes relevant to exhaustion may be resolved by a district judge without participation of a jury. *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013). However, before engaging in such fact-finding, the judge must provide the parties with "some form of notice ... and an opportunity to respond[.]" *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018). "At a minimum . . . the court must "notify the parties that it will consider exhaustion in its role as a fact finder under *Small*," and, although live testimony is not necessarily required, it also "must at least provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before it." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Paladino*, 885 F.3d at 211.)

12

This Court intends to make findings of fact to determine the issue of PLRA exhaustion but not before it has a clear understanding of Plaintiff's claims and against whom the claims are asserted. Accordingly, within 30 days of this accompanying Order, Plaintiff shall file a submission <u>not to exceed 3 pages</u> setting forth the claims and defendants as alleged in the Complaint which Plaintiff understands have not been dismissed by this Court. Defendants may file a response within 45 days setting forth their position as to the exhaustion issue.

4. *Claims Under the Federal Tort Claims Act*

Defendants have not construed the amended complaint to allege claims under the FTCA. The amended complaint, however, states Plaintiff brings his claims under *Bivens* and the FTCA. Am. Comp., Dkt. 14 at 2. Nonetheless, Plaintiff has not named the United States of America as a defendant. The United States of America is the only proper defendant to an FTCA claim. *CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008), as amended (Sept. 29, 2008). Therefore, the Court construes the amended complaint to raise FTCA claims, but will dismiss those claims without prejudice because Plaintiff has not sued a proper defendant.

5. *Plaintiff's Motions for Relief*

In Plaintiff's first motion for relief, he appears to raise new claims regarding his food allergies and religious diet. Pl's First Mot. for Relief, Dkt. 39. In support of these claims, Plaintiff alleges he had a blood test for food allergies, which came back positive for soy, peanut, egg and others. *Id.* at 2. Medical staff, food service staff,

13

and the head chaplain refused to accommodate Plaintiff's allergies and his kosher religious diet. *Id.* Plaintiff was told his religious diet could not be altered to accommodate his allergies, but he alleges another inmate was accommodated. *Id.* Plaintiff contends Defendants' conduct is retaliatory. *Id.* Plaintiff was told to "self-select" from the "main-line foods" but this would betray his faith, and most of the foods contain egg or soy products. *Id.* He lost weight and became weak from lack of nutrition. *Id.* For relief, Plaintiff wants temporary or permanent release from custody until the situation is resolved. *Id.*

Likewise, Plaintiffs' second and third motions for relief raise claims relating to his religious and special allergy diet, his recent hunger strike, and serious decline in his health from lack of nutrition. Pl's Second and Third Mot. for Relief, Dkt. 41 and 42. He seeks declaratory and injunctive relief, including release from BOP custody, but alternatively for the Court to order BOP to provide Plaintiff a very specialized kosher, organic diet, with sealed foods that are allergen-free, cruelty-free, and served outside the FCI Fort Dix dining hall. Pl's Third Mot. for Relief, Dkt. 42 at 12-14.

These claims shall be included in the Court-ordered submission. There is nothing before the Court that irreparable injury will occur before this Court can sort out and understand Plaintiff's claims.

## II. CONCLUSION

For the reasons discussed above, BOP Defendants' motion to dismiss will be granted in part. The Court will dismiss Plaintiff's *Bivens* claims in the amended complaint with prejudice. The Court will dismiss Plaintiff's FTCA claims in the

amended complaint without prejudice.  Plaintiff shall file the concise summary of his claims within 30 days and Defendants may respond within 45 days.  Within ten days Defendants shall file a statement with the Court advising that Plaintiff's medical needs are being addressed.

**DATE:  December 17, 2024**

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **Chief United States District Judge**