IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TIMOTHY RYAN, | : | CIV. NO. 22-1175 (RMB) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| R. ROBINSON, et al, | : | |
| Defendants. | : | |

**BUMB, District Judge**

This matter comes before the Court upon Plaintiff's Motion to Request Copy of the Docket Sheet and to Reconsider Denial of Injunctive Relief, Docket No. 49; Defendants' Opposition to Plaintiff's Motion for Reconsideration, (Docket No. 50); and Defendants' Request for Clarification Regarding Representation Process and Extension of Time to File Defendants' Motion to Dismiss the Second Amended Complaint (Def's Letter Request"), Docket No. 51.  For the reasons that follow, the Court will **GRANT** Plaintiff's request for a docket sheet; **DENY** Plaintiff's request for reconsideration of injunctive relief ("Mot. for TRO"),[1] and **GRANT** in part Defendants' request for clarification and an extension of time to file a motion to dismiss Plaintiff's Second Amended Complaint.

---

[1] The Court dismissed Plaintiff's motions for relief as moot because they involved claims that had not yet been alleged in the operative complaint and were difficult to understand.  (Order, Docket No. 43.)  The Court, therefore, will treat Plaintiff's motion for reconsideration as a motion for a temporary restraining order under Fed. Rule Civ. P. 65(b)(1)(A), with respect to new claims raised in the Second Amended Complaint.

## I. BACKGROUND

On December 17, 2024, this Court dismissed Plaintiffs' *Bivens* claims in the amended complaint with prejudice, denied without prejudice Defendants' motion to dismiss for failure to exhaust administrative remedies; and granted Plaintiff leave to file a second amended complaint ("SAC"). Opinion, Docket No. 43. The Court also denied without prejudice Plaintiff's motions for pro bono counsel, and dismissed his first, second and third motions for relief as moot. *Id.* at 13, 14. Finally, the Court ordered Plaintiff to file a concise summary of his claims within 30 days, and ordered Defendants to file a statement with the Court, within ten days, advising whether Plaintiff's medical needs were being addressed. *Id.* at 15.

## II. DISCUSSION

Plaintiff complied with the Court's order to file a concise summary of his claims by filing his seconded amended complaint. Second Amended Compl. ("SAC"), Docket No. 46. In response to Defendants' request for clarification of the claims in the SAC, the Court construes the SAC[2] to allege FTCA claims in paragraphs 1-4, and 6. In paragraph 5 of the SAC, Plaintiff alleges claims under *Bivens*,[3] the Federal Tort Claims Act ("FTCA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and claims for declaratory and equitable relief. The *Bivens* claims in

---

[2] The Court liberally construes the SAC pursuant to its authority to *sua sponte* review complaints filed by prisoners who have been granted IFP status.

[3] In *Bivens*, the Supreme Court implied a damages remedy for a Fourth Amendment claim against federal actors. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics.* 403 U.S. 388, 397 (1971). Plaintiff asserted jurisdiction under 42 U.S.C. § 1983, which does not apply to federal actors alleged to have violated the Constitution.

2

paragraph 5 are asserted against[4] Food Service Administrators Ardoline and Marcay, Warden Rachel Thompson, Associate Warden Dimarcurio, Medical Director Ahmedi, Ravi Sood, Regional Director Amy Boncher, and John Doe Regional Administrative Remedy Coordinator. The Court has not considered the merits of these claims, and Defendants shall have 60 days from the date of entry of this Order to file a responsive pleading to the SAC.

In response to Plaintiff's prior requests for immediate relief on claims that were dismissed without prejudice to Plaintiff filing his SAC, Defendants complied with the Court's Order to provide a statement concerning Plaintiff's current medical needs and the care provided. Letter, Docket No. 45. In the SAC, however, Plaintiff alleges he is starving, with significant weight loss and allergic reactions of vomiting, bleeding and anaphylaxis caused by BOP staff's failure to provide him sufficient nutrition that complies with his Kosher religious diet and his food allergies. Plaintiff requests immediate relief in the form of release from confinement or immediate changes to his diet.

Where a plaintiff seeks a temporary restraining order without notice to the adverse parties, as here where not all defendants have been served with the SAC, Federal Rule of Civil Procedure 65(b)(1)(A) requires plaintiffs to submit "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" The SAC constitutes a verified complaint because it is

---

[4] Plaintiff's SAC is handwritten and the defendants' names are unclear. The Court adopts the spelling of the defendants' names from Defendants' letter, Docket No. 51.

signed under the penalty of perjury. Plaintiff alleges his weight has dropped from 185 to where it now fluctuates between 135 and 150 pounds, and he feels hungry, dizzy and weak and has difficulty carrying out daily activities. The allegations are serious but they do not show that immediate and irreparable injury, loss or damage will occur *before* the adverse party can be heard in opposition, and the Court denies Plaintiff's TRO request without prejudice.

The Court will, however, direct BOP to supplement their submission concerning the efforts to meet Plaintiff's medical needs with a submission on the efforts to provide Plaintiff adequate nutrition considering his food allergies and religious diet. If Plaintiff has requested or received any medical treatment for allergies or inadequate nutrition in the last 60 days, Defendants shall submit those records under seal. If warranted, the Court will reconsider Plaintiff's request for a TRO.

**IT IS** therefore on this **4th day of March 2025**,

**ORDERED** that the Clerk shall send Plaintiff a copy of the docket sheet in this matter; and it is further

**ORDERED** that Defendants shall file a responsive pleading to Plaintiff's Second Amended Complaint, as the claims have been construed by the Court above, within the time prescribed by the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Defendants shall file, within 10 days of the date of this Order, a submission addressing BOP's efforts to meet Plaintiff's nutritional needs, taking into account his food allergies and religious diet, and submit any associated medical request slips or medical records from the last 60 days under seal; and it is further

**ORDERED** that the Court construes Plaintiffs' motion for reconsideration (Docket No. 49) as a motion for a temporary restraining order, and that motion is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. Mail.

<u>s/ Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**Chief United States District Judge**