IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TIMOTHY RYAN, | : | CIV. NO. 22-1175 (RMB-MJS) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| R. ROBINSON, et al., | : | |
| Defendants. | : | |

**BUMB, District Judge**

This matter comes before the Court upon Plaintiff's Motion to Request Copy of Second Amended Complaint and for Clarification and Request for Injunction (Dkt. No. 64) ("Pl's Mot. to Request"), Defendants' letter request (Dkt. No. 65) for a thirty-day extension of time to answer or otherwise respond to Plaintiff's Second Amended Complaint, and Plaintiff's objection to Defendants' letter request, which contains a request for injunctive relief and for appointment of pro bono counsel (Dkt. No. 66).

Beginning with Plaintiff's request for a copy of his Second Amended Complaint, Plaintiff's *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915(a) does not entitle him to free copies of pleadings. *See* § 1915(c). Plaintiff may seek a copy of his Second Amended Complaint by writing to the Clerk's Office, subject to a fee. *See* District of New Jersey Local Civil Rules, Appendix K, Schedule of Fees. Therefore, the Court will deny Plaintiff's motion to order that a copy of the Second Amended Complaint be provided to him.

Next, Plaintiff requests clarification regarding service of his Second Amended Complaint on Defendant Rachel Thompson. (Dkt. No. 64.) Plaintiff asserts that a summons was issued as to "Daniel Thompson" and not "Rachel Thomspon," the Defendant's name that Plaintiff indicated on his USM 285 form. (*Id.* at 1.) It appears that summons has not been returned as executed against Defendant Rachel Thompson. *See* Dkt. Therefore, the Court will extend time for service under Fed. R. Civ. P. 4(m), and send Plaintiff a copy of the USM 285 form to return for service by the U.S. Marshals.

The Court finds good cause, contrary to Plaintiff's objection, to grant Defendants' request for a 30-day extension of time to answer or otherwise respond to the Second Amended Complaint. (Dkt. No. 65.)

Finally, Plaintiff requests injunctive relief ordering Defendants "to provide religious adherent, allergen free foods-specified by Ryan himself—or to be fully released from BOP custody with a sentence change to time served." (Dkt. No. 64 at 1-3.) This request is based on allegations in the motion concerning Plaintiff's prison diet and his medical condition from May 2025 through July 2, 2025, subsequent to Plaintiff filing the Second Amended Complaint. *Id.* Plaintiff renewed his request for a preliminary injunction concerning his diet, alleging his weight fluctuations as of August 28, 2025, and lab tests show indicators of starvation, and that he is losing his eyesight. (Dkt. No. 66 at 2-3.)

"A primary purpose of a preliminary injunction is maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*,

2

40 F.3d 645, 647 (3d Cir. 1994). Plaintiff's request for injunctive relief is not a request to maintain the status quo but to alter it. "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994). To assist the Court in determining the necessity of a preliminary injunction necessary to prevent serious damage to Plaintiff's health, the Court will order Defendants to file a submission advising how Plaintiff's dietary and medical needs are being addressed. Plaintiff may file a reply to Defendants' submission. The Court will reserve determining Plaintiff's requests for injunctive relief and for appointment of pro bono counsel (Dkt. Nos 64, 66) until those submissions are received.

**IT IS** therefore on this **8th day of September 2025**,

**ORDERED** that Plaintiff's Motion to Request Copy of Second Amended Complaint (Dkt. No. 64) is **DENIED**; Plaintiff may request a copy by writing to the Clerk of Court; and it is further

**ORDERED** that in response to Plaintiff's Motion for Clarification, the Court, pursuant to Fed. R. Civ. P. 4(m) extends time for service of the Second Amended Complaint on Defendant Rachel Thompson for sixty (60) days from the date of filing of this Order; the Clerk's Office shall send Plaintiff a USM 285 form with a copy of this Order; upon return of the completed form, the Clerk shall issue summons and the U.S. Marshals Service shall serve the summons and the Second Amended Complaint on Defendant Rachel Thompson pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P.

4(c)(3); the Clerk shall terminate Defendant Daniel Thompson from the Docket and substitute Defendant Rachel Thompson; and it is further

**ORDERED** that Defendants' letter request (Dkt. No. 65) to extend the time to file an answer or otherwise respond to Plaintiff's Second Amended Complaint until September 24, 2025 is **GRANTED**; and it is further

**ORDERED** that the Defendants who have been served with the Second Amended Complaint shall, within 10 days of the date of entry of this Order, file a submission addressing BOP's efforts to meet Plaintiff's nutritional needs and submit any associated medical request slips or medical records from the last 60 days under seal; Plaintiff may file a reply within 20 days of Defendants' filing, and the Court reserves determination on Plaintiff's requests for injunctive relief and for appointment of pro bono counsel. (Dkt. Nos. 64, 66.)

                                           s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **Chief United States District Judge**