UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

RECEIVED

MAR 20 2026

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

TIMOTHY RYAN - PLAINTIFF

v

ROBINSON ET AL. - DEFENDANTS

Cause No. 1:22-CV-01175 RMB

ORDERED "SHORT AND PLAIN" COMPLAINT.

I. RELEVANT JEWISH LAWS

RYAN IS A JEWISH INMATE. HALACHAH IS A CATEGORY OF JEWISH LAW THAT HOUSES REQUIREMENTS FOR "KOSHER" FOOD. KOSHER IS A WELL KNOWN TENET AND TRUSTED RABBINIC AUTHORITY CERTIFICATION ON TWICE SEALED FOOD IS HOW "KOSHER" NEEDS ARE MET. SAKANAH IS A PROHIBITION ON ANYTHING THAT MIGHT DO HARM. BY JEWISH LAW SAKANAH IS "MORE STRICT [AND OF HIGHER IMPORTANCE] THAN HALACHAH. THUS FOODS MUST BE SAFE AND KOSHER. SAKANAH HAS NO FORMAL CERTIFICATION SO EVEN CERTIFIED "KOSHER" FOODS MAY BE HARMFUL. A TRULY OBSERVANT PERSON MUST DISCERN WHAT TO AVOID UNDER SAKANAH. FOR PLAINTIFF THIS INCLUDES ALLERGENS, TOXINS, AND CARCINOGENS AS NOT ONLY MIGHT THEY DO HARM, THEY ARE KNOWN TO DO HARM.① THIS EXCEEDS THE OBLIGATION TO AVOID STANDARD. THE PROHIBITION AGAINST UNDUE HARM TO ANIMALS (HEREAFTER P.A.U.HA) IS ANOTHER JEWISH LAW OF UTMOST IMPORTANCE TO PLAINTIFF AND DICTATES THAT HE MUST MAKE EVERY ENDEAVOR TO SUBSIST ON PLANT BASED AND "CRUELTY FREE" FOODS - OTHER THAN SABBATH AND HOLIDAY MEALS EACH DICTATED BY CUSTOM AND THEIR OWN LAWS. PLAINTIFF HAS ALWAYS DESCRIBED EACH AS CLEARLY AS ABLE TO BOP STAFF AT ALL TIMES, WHETHER _____ BREAKDOWN OF THESE LAWS AND DIETARY REFERENCE INTAKE (DRI) NEEDS TO ELIMINATE FURTHER OPPORTUNITIES FOR MISUNDERSTANDING. AS OF THE DATE OF THIS WRITING THESE NEEDS (OTHER THAN "KOSHER") GO UNMET.

II. EXTREMELY CONDENSED FACTS OF
DENIAL. THE WHO, WHAT, AND WHEN

THE AVAILABLE "COMMON FARE" DIET OF KOSHER FOOD PROVED HARMFUL TO

① SOURCES INCLUDE USDA.GOV; PUBMED.NCBI.NLM.NIH.GOV; CLEVELANDCLINIC.ORG; AND MORE

HUNGER STRIKE ON 7/18/2024. THIS BEGINS A CYCLE OF ADMINISTRATIVE STAFF PERSONAL INVOLVEMENT - NOTABLY THAT OF NAMED DEFENDANTS. ASSISTANT FSA MARCHESE - WHO REPORTS TO FSA ARDOLINE, CLINICAL DIRECTORS AHMEDI, AND HACZYNSKI - WHO BOTH COMMUNICATE DIRECTLY WITH SOOD, ASSOCIATE WARDEN DEMERCURID AND WARDEN THOMPSON EACH VISITED IN TURN BETWEEN 7/18/2024 AND 7/23/2024 AT LEAST ONCE. (DOCUMENTATION OF EACH VISIT DATE AND NOTES AS WELL AS SOME FORM(S) OF GROUP COMMUNICATION EXIST BUT PLAINTIFF DOES NOT HAVE ACCESS TO THESE RECORDS AND THEY WILL REQUIRE SUBPOENA IN FURTHER PROCEEDINGS). EACH ABOVE NAMED DEFENDANT WAS MADE FULLY AWARE OF PLAINTIFF'S YEARS OF SYMPTOMS, POSITIVE OCCULT TEST, AND IGE PROFILE AND CONTINUED DENIAL OF SAFE, RELIGIOUS ADHERENT FOOD. PLAINTIFF SPECIFIED HIS AFOREMENTIONED NEEDS AND WAS DENIED BY EACH. THE RESULTING DIET ORDER WAS THE SAME: SELF SELECT FROM MAINLINE - AVOID ALLERGENS, AFTER EACH WAS MADE AWARE THAT THIS IGNORES RELIGIOUS RIGHT TO "KOSHER" FOOD AND SAFE FOOD - MAINLINE CONTAINS CONFIRMED ALLERGENS AS WELL.

THIS DIET ORDER IS DELIBERATELY INDIFFERENT TO RYAN'S HEALTH AND SAFETY. EACH DEFENDANT WAS MADE AWARE OF PLAINTIFF ONLY HAVING 2 SERVINGS OF PROTEIN, 4 CANS OF 4 OUNCE VEGETABLE JUICE AND 4 OUNCES OF CHIPS TO EAT - AT MOST - PER WEEK (THIS ACCOUNTS FOR LUNCH AND DINNER MEALS). MANY DAYS HAD NOT ONE ITEM AVAILABLE (4 DAYS WEEKLY). PLAINTIFF WAS IN SHU UNTIL 8/23/2024. ON OR ABOUT 7/18/2024 HE WEIGHED 185 LBS. ON 8/23/2024 HE WEIGHED 143 LBS - AS WEIGHED BY RESULTING EMERGENCY ROOM (ER) VISIT. THE FOLLOWING OF THIS DIET ORDER FROM SOOD AND NO INTERVENTION BY ANY OTHER DEFENDANT CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT THAT VIOLATES THE FIRST AND EIGHTH AMENDMENT. (THIS IS NOT A BIVENS ACTION). RYAN WAS NOTICABLY EMACIATED AND WEAK, HAD DIMINISHING VISION, WAS TOO DIZZY TO WALK MORE THAN A FEW FEET WITHOUT NEEDING TO KNEEL, AND HAD DIFFICULTY BREATHING. UPON RETURN TO UNIT 5B12 FROM SHU, PLAINTIFF WAS ASSIGNED TO A TOP BUNK ON THE THIRD FLOOR. HE WAS CLEARLY MEDICALLY/PHYSICALLY UNABLE FOR STAIRS OR A TOP BUNK. HE EXPLAINED HIS OBVIOUS CONDITION TO UNIT MANAGER DYKES AND CASE MANAGER SIMMONS, EITHER OF WHICH COULD HAVE ASSIGNED PLAINTIFF TO THE OPEN AND OBVIOUSLY NEEDED AVAILABLE LOWER BUNK ON THE FIRST FLOOR. THEY EACH REFUSED IN TURN (SEVERAL TIMES THROUGHOUT THE DAY) SAYING PLAINTIFF HAD TO GET A "MEDICAL PASS." BETWEEN ROUGHLY 11:00 AM AND 3:30 PM PLAINTIFF WENT BACK AND FORTH BETWEEN

2

III. FAILINGS OF CURRENT DIET ORDER

ON 9/10/2025 B.O.P. DIETICIAN HOLLIDAY SUMMONED PLAINTIFF TO MEDICAL FOR A VIDEO CALL REGARDING RELIGIOUS NUTRITIONAL NEEDS. THIS HAPPENED ONLY AFTER COURT ORDER FOR B.O.P. TO SHOW WHAT WAS BEING DONE TO MEET SAID NEEDS WHICH TO DATE WAS NOTHING. PLAINTIFF EXPLAINED KOSHER, SAKANAH, AND P.A.H.H.A. HOLLIDAY ONLY HONORED KOSHER AND ALLERGENS IN SUBSEQUENT DIET ORDER EMPHASIZING "WHAT'S ALREADY AVAILABLE" ABOVE ALL. THIS RESULTS IN MOST FOODS CONTAINING ALLERGENS OR OTHER HARMFUL SUBSTANCES THAT MAKE THEM INEDIBLE FOR PLAINTIFF - NOT JUST DUE TO POSSIBLE HARM, BUT FOR ACUTE HARM SUCH AS G.I. DISTRESS AND/OR VOMITING. THE ONLY RELIABLE SOURCE OF NUTRITION WAS PLANT BASED ENSURE AND CHEWABLE VITAMINS. AS OF THE TIME OF PREPARATION THOSE HAVE "EXPIRED" AND IT SEEMS THAT THEY WILL NOT BE RENEWED (AS OF 3/11/2025). THE NEXT WEEK THERE WAS A SCHEDULED FOLLOW-UP WITH HOLLIDAY THAT PLAINTIFF WAS UNDER THE IMPRESSION WOULD INCLUDE HIM AND BE GEARED TOWARD MORE PERMANENT DIET ORDERS OVER THE TEMPORARY "WHAT'S ALREADY AVAILABLE, DANGEROUS AMOUNTS OF SEAFOOD AND A JELLY SANDWICH ARE IT." MEAL PLAN. WHEN PLAINTIFF LEARNED THIS WAS NOT THE CASE, HE HANDED PADULA 2 DOCUMENTS LISTING RELIGIOUS NEEDS, CITING RELIGIOUS LAW AND RLI. NEEDS, CITING EXPERT SOURCES SO AS TO ELIMINATE MISUNDERSTANDING AND MISREPRESENTATION OF RECORDED MEETINGS THAT HAVE BEEN B.O.P. STANDARD. THEY HAVE YET TO BE HEEDED. THIS WAS ON OR ABOUT 9/13/2025.

THE DOWNFALL OF "WHAT'S ALREADY AVAILABLE" IS THAT IT DEPENDS ON IF AND WHEN IT'S AVAILABLE. ALSO, CONSISTANCY IS NON EXISTENT AND EACH SHIPMENT HAS A POSSIBILITY OF A DIFFERENT BRAND OF EACH ITEM. FOR EXAMPLE: THE LATER ADDED "LOCALLY AVAILABLE GLUTEN FREE BREAD THAT HAS NO SOY/EGGS" WAS ONLY AVAILABLE MAYBE 10 TIMES TOTAL SINCE 9/10/2025 AND NOW ALL BREAD STILL HAS ONE OR BOTH. ALSO, THE LATER ADDED "2X EXTRA CEREAL AND 2X MILK AT BREAKFAST AND IN PLACE [OF] JELLY SANDWICH" THAT QUICKLY BECAME THE ONLY SOURCE OF NUTRITION - OTHER THAN ENSURE AND VITAMINS - PROVIDED BY BOP THAT PLAINTIFF COULD SAFELY EAT. NO LONGER, AS OF 2/11/2025 CEREALS HAVE BEEN BRANDS THAT CONTAIN SOY AND HAVE MADE PLAINTIFF SICK AFTER EATING THE BRAN THAT DID NOT LIST INGREDIENTS - HE HAD TO HAVE FOOD SERVICE INMATE WORKERS TO SHOW HIM INGREDIENTS FROM LARGER BOX CONTAINING ISSUED INDIVIDUAL 1 OUNCE PACKETS.

OF RELYING UPON "ALREADY AVAILABLE" AND "MAKE AVAILABLE" FOOD THAT SATISFIED PLAINTIFF'S RELIGIOUS NEEDS AND REQUIREMENTS. THE EASIEST WAY TO SATISFY THIS IS WITH SEALED CERTIFIED KOSHER, CERTIFIED ORGANIC, PLANT BASED FOCUSED FOOD ITEMS THAT ARE DIVERSE ENOUGH TO AVOID G.I. DISTRESS. MEAT AND FISH COURSES ARE REQUIRED FOR SABBATH AND HOLIDAY OBSERVANCE, EACH DICTATED BY CUSTOM, BUT ALL OTHER MEALS SHOULD BE PLANT BASED WHERE POSSIBLE. ; AND

EQUITABLE RELIEF IN AN ORDER TO DISALLOW BOP STAFF TO ORDER PLAINTIFF TO EAT MEALS IN THE CHOW HALL OR THROW IT AWAY. THIS IS IN VIOLATION OF BOP POLICY FOOD SERVICE MANUAL CHAPTER 6 THAT EXEMPTS RELIGIOUS OR MEDICAL DIETS FROM THIS REQUIREMENT, AND MANY STAFF DO NOT DO THIS, BUT SOME DO AND IT DISREGARDS FIRST AMENDMENT RIGHT TO NOT HAVE MY KOSHER FOOD CONTAMINATED AND MADE NON-KOSHER (AND ALLERGENS). " ; AND

D. AMMLES - AS SOOD, AHMED, HACZYNSKI, THOMPSON, DEMERCURIO, FSAS ARDOLINE AND MARCHESE, AND REGIONAL DIRECTORS PETRUCCI AND BOUCHER EACH OWED PLAINTIFF A DUTY OF CARE, THEY EACH BREACHED THIS DUTY AFTER BEING MADE AWARE, INDIVIDUALLY, OF HIS NEEDS AND DENIALS OF THEM REFUSING TO REMEDY AT EVERY STEP; THIS RESULTED IN AT LEAST PROXIMATE, IF NOT DIRECT, HARM; AND PLAINTIFF SUFFERED ACTUAL, AND LIKELY PERMANENT DAMAGES AND INFLICTION OF EMOTIONAL DISTRESS. PURSUANT TO TANZIN V. TANVIR, 140 S.CT. 550, 205 L. ED. 2d 353 (U.S. NOV. 22 2019) PLAINTIFF SEEKS THE FOLLOWING APPROPRIATE DAMAGES VIA THE RELIGIOUS FREEDOM RESTORATION ACT (RFRA) FROM EACH ABOVE NAMED DEFENDANT IN THEIR INDIVIDUAL CAPACITIES:

PUNATIVE DAMAGES IN THE AMOUNT OF $5,000 PER DAY OF DENIAL OF SAFE KOSHER FOOD IN VIOLATION OF BOP POLICY, NEW JERSEY STATE LAW, TITLE 18 § 4042, AND THE FIRST AND EIGHTH AMENDMENTS OF THE CONSTITUTION TOLLING FROM 3/1/2024 TO 9/10/2025 AND IN THE SUM OF $2,500 PER DAY TOLLING FROM 9/11/2025 UNTIL SUCH A TIME THAT BOP/DEFENDANTS PROVIDE SAFE, RELIGIOUS ADHERENT FOOD THAT MEETS PLAINTIFF'S INDIVIDUAL D.R.I.s. THIS TOTALS $2,925,000 PER DEFENDANT FOR $26,325,000 TOTAL FROM 3/1/2024 TO 9/10/2025 AND $925,000 PER DEFENDANT FOR $8,325,000 (AND COUNTING) FROM 9/11/2025 TO PRESENT (AND COUNTING). ; AND

COMPENSATORY DAMAGES IN THE AMOUNT OF $2,000 PER DAY OF DENIAL

4

OF DEFENDANTS ROBINSON, JONES, AND CASTELLANOS, THAT LED TO PLAINTIFF'S INJURED DOMINANT HAND. THIS IS NOT A MEDICAL MALPRACTICE CLAIM - SIMPLY NEGLIGENCE IN CONDITIONS OF CONFINEMENT. PLAINTIFF'S INTERACTION WITH FAULTY JUG NOT STRICTLY VOLITIONAL, HE MUST INTERACT WITH IT TO ACQUIRE NEEDED HIS DISINFECTANT, VERY NECESSARY IN SQUALID AND OVER CROWDED PRISONS - ALL THE MORE SO DURING AN OUTBREAK DURING THE COVID-19 PANDEMIC. THE ONLY WAY TO HAVE ACCESS TO CHEMICALS IS FOR THE JUG TO BE BROUGHT FROM THE FIRST FLOOR TO THE THIRD WHERE PLAINTIFF AND INMATE AMMONS WERE QUARANTINED. WITH NO TRAINING OR PROTOCOL OR EQUIPMENT MADE AVAILABLE - INCLUDING THE DOLLY - AMMONS REQUIRED HELP AND PLAINTIFF WAS ONLY PERSON NEAR ON 1/12 OR ABOUT 1/12/2022 (OR 1-9-2022) WHEN THE 2.5 GALLON JUG WITH A BROKEN HANDLE WAS PASSED THROUGH THE STAIRWELL DOOR TO BE TAKEN UP. IF PLAINTIFF DIDN'T HELP, THERE WOULD BE NO DISINFECTANT FOR HIM OR OTHERS ON THE THIRD FLOOR. ALSO, HE IS FORBIDDEN FROM REFUSING HELP TO A PERSON IN NEED, IF HE IS ABLE TO DO SO, BY JEWISH LAW. ALSO, PLAINTIFF DID NOT REALIZE THAT THE JUG WAS FAULTY UNTIL IT SLIPPED FROM AMMONS' GRIP. DEFENDANTS OWED A DUTY OF CARE TO INSPECT JUG FOR SAFETY AND/OR PROVIDE A DOLLY TO TAKE IT UP STAIRS, AND/OR REPAIR OR REPLACE FAULTY DAILY USE EQUIPMENT AND/OR WARN OF DANGERS OF FAULTY EQUIPMENT. THEY OWED THIS DUTY VIA NEW JERSEY LAW, BOP POLICY, AND 18 § 4042. THEY BREACHED THAT DUTY BY NOT TAKING EVEN 1 SAFETY MEASURE ONE SAFETY MEASURE THAT WAS THE PROXIMATE CAUSE OF PLAINTIFF'S INJURY. ACTUAL DAMAGE TO PLAINTIFF'S DOMINANT HAND SOFT TISSUE - CONTUSIONS AND SNAPPED TENDON, HAPPENED AND HAVE LED TO LOSS OF FUNCTION (PARTIAL) AND USE TO SAID HAND WHICH PAINS HIM EVERY DAY INFLICTING CONTINUED EMOTIONAL DISTRESS. THIS GROSS NEGLIGENCE / NEGLEGENCE INVITES TORT. LEAVING 60 YEAR OLD AMMONS UNTRAINED AND WITHOUT EQUIPMENT (AND NO WARNING OF DISREPAIR) TO MOVE HEAVY JUG ON HIS OWN CREATED A SITUATION WHERE PLAINTIFF'S HELP WAS REQUIRED. IF CONTRIBUTORY NEGLIGENCE IS DEEMED TO EXIST, IT CANNOT BE OVER 50.1%. THUS PLAINTIFF SEEKS ACTUAL DAMAGES FROM THE U.S. DUE TO GROSS NEGLIGENCE/NEGLIGENCE OF ROBINSON, JONES, CASTELLANOS, VIA FTCA IN THE SUM OF $1,000,000.

PLAINTIFF DISMISSES OTHER PREVIOUS CLAIMS NOT BROUGHT FORTH IN THE INSTANT MOTION AND DEFENDANTS NOT NAMED HEREIN.

5

CERTIFICATE OF SERVICE

PURSUANT TO 28 U.S.C. §1746 I, TIMOTHY RYAN, DECLARE UNDER THE PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND ABILITY AND THAT I HAVE SERVED THE FOREGOING ON THE DATE OF MARCH 16, 2026 VIA INSTITUTION LEGAL MAIL TO THE FOLLOWING ADDRESS:

OFFICE OF THE CLERK

U.S. DIST COURT

P.O. BOX 2797

CAMDEN, NJ 08101

RESPECTFULLY,

TIMOTHY RYAN

3-16-2026

TIMOTHY RYAN # 14422027
FCI FORT DIX
P.O. Box 2000
JOINT BASE MDL, NJ 08640

RECEIVED
MAR 20 2026
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

OFFICE OF THE CLERK
U.S. DIST. COURT
P.O. Box 2797
CAMDEN, NJ 08101

18 MAR 2025 PM 4 L

FREEDOM
FOREVER/USA

X-RAYED

RECEIVED
MAR 20 2026
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

LEGAL MAIL

LEGAL MAIL

08101-999955